FILED
2016 SEP 29 AM 11:28
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, | |
| Plaintiff, | Case No. 2:16-cv-00983-BSJ |
| vs. | |
| Kimball Parker; MakeYourFuture, LLC; Timothy Baggett; Changes Worldwide LLC; Changes Trading LLC, | Hon. Bruce S. Jenkins |
| Defendants. | |

## [~~PROPOSED~~] ORDER GRANTING CFTC'S MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS KIMBALL PARKER AND MAKEYOURFUTURE, LLC

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") has moved, pursuant to the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1(a), for a preliminary injunction against Defendants Kimball Parker and MakeYourFuture, LLC ("MYF") enjoining Parker's and MYF's violations of the anti-fraud provisions of the Act and accompanying Regulations, specifically Sections 4b(a)(1)(A), (B); 4o(1)(A), (B); and 6(c)(1) of the Act, 7 U.S.C. §§ 6b(a)(1)(A), (C); 6o(1)(A), (B); and 9(1) (2012), and Commission Regulations 4.41(a)(1)-(3), (b)(1), (2); and 180.1(a)(1)-(3), 17 C.F.R. §§ 4.41(a)(1)-(3), (b)(1), (2); and 180.1(a)(1)-(3).

### Findings

The Court has considered any pleadings, declarations, exhibits, and memorandum filed in support of and in opposition to the CFTC's Motion for a Preliminary Injunction, and now, being fully advised, finds as follows:

1.     The Court possesses jurisdiction over the parties and over the subject matter of this action pursuant to 7 U.S.C. § 13a-1.

2.     The Court has the authority to enter a preliminary injunction order under Section 6c(b) of the Act, 7 U.S.C. § 13a–1(b), if: (1) the CFTC can make out a *prima facie* case that a violation of the Act has occurred; and (2) that there is a reasonable likelihood of future violations.

3.     Venue properly lies in this District pursuant to 7 U.S.C. § 13a-1(e), in that Parker and MYF reside in this District and the acts and practices in violation of the Act have occurred within this District.

4.     The CFTC has established a *prima facie* case that Parker and MYF have engaged in, and are continuing to engage in, violations of the aforementioned anti-fraud provisions of the Act and Regulations using the means or instrumentalities of interstate commerce.

5.     Specifically, the CFTC presented evidence that Parker and MYF made material misrepresentations and omissions regarding the performance of the futures trading system ("trading system") they sold to customers.  Parker and MYF made these misrepresentations with scienter, thereby violating Section 4$o$(1) of the Act and Regulation 4.41(a) and Sections 4b(a) and 6(c)(1) of the Act, and Regulation 180.1.

6.     The CFTC also presented evidence that MYF failed to make disclosures relating to simulated or hypothetical results and customer testimonials, in violation of Regulation 4.41.

7.     As the controlling person of MYF, Parker is liable for MYF's violations of the Act under Section 13(b).

8.     The CFTC has demonstrated that Parker's and MYF's violations of the Act and Regulations are ongoing, and that Parker and MYF are continuing to market the trading system using fraudulent misrepresentations and omissions.

9.     This is a proper case for granting a preliminary injunction to preserve the *status quo*, remove the danger of further violations of the Act, protect customers and prospective customers from further loss and damage and enable the CFTC to fulfill its statutory duties.

10.     The recurrent and deliberate nature of Parker and MYF's fraudulent course of dealing supports a finding that their conduct is likely to continue unless enjoined by the Court.

### Prohibited Conduct

Accordingly, **IT IS HEREBY ORDERED THAT**, until a final adjudication on the merits may be had, Defendants Parker and MYF and all persons insofar as they are acting in the capacity of Parker's and MYF's agents, servants, employees, successors, assigns, or attorneys, and all persons insofar as they are acting in concert or participation with Parker or MYF who receive actual notice of this order by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

11.     Violating any provisions of the Act or Regulations alleged in the Complaint, including Sections 4b(a)(1)(A), (B); 4o(1)(A), (B); and 6(c)(1) of the Act, and Commission Regulations 4.41(a)(1)-(3), (b)(1), (2); and 180.1(a)(1)-(3), in connection with the sale of commodity futures trading systems;

12.     Selling, offering, advertising, or otherwise promoting the trading system to the public, or from soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options,

security futures products, forex contracts and/or swaps or any trading system relating to the same.

13.     Providing for compensation trading "signals" or other advice relating to commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps.

14.     Representing on websites, in promotional materials, or in communications with customers or prospective customers that the trading system is profitable, or that Parker, MYF, or any other person has made a profit using the trading system;

15.     Maintaining the website located at www.1myf.com or any other website designed to offer, sell or promote a trading system;

16.     Accepting payment from customers who purchased the trading system, or from customers who pay for "signals" provided by Parker or MYF.

17.     Defendants Parker and MYF are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

a.     Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

b.     Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9);

c.     Acting as a principal (as that term is defined in Commission Regulation 3.1(a), 17 C.F.R. § 3.1(a)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9).

**IT IS FURTHER ORDERED THAT:**

18.     Defendants Parker and MYF and all persons or entities who receive notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business operations or practices, or the business or personal finances, of Defendants.

### Service of Order

19.     Copies of this Order may be served by any means, including personal service, electronic mail, facsimile transmission, United Parcel Service, Federal Express, other commercial overnight service, or pursuant to Rule 5 of the Federal Rules of Civil Procedure and Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any entity or person that may have possession, custody, or control of any documents of Defendants, or that may be subject to any provision of this Order. Jeffrey Gomberg and other employees of the Commission are hereby specially appointed to serve process, including this Order and all other papers in this cause.

20.     Defendants Parker and MYF shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by delivering a copy to Ashley Burden, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe St., Suite 1100, Chicago, Illinois 60661 and/or by filing such pleadings or other materials electronically with the Court pursuant to the Court's requirements.

21.     Because the CFTC is an agency of the United States of America and has made a

proper showing under 7 U.S.C. § 13a-1(b), this restraining order is granted without bond.

Accordingly, the CFTC need not post a bond.

22.     This Order shall remain in effect until further order of the Court and the Court

shall retain jurisdiction over this action to ensure compliance with this Order and for all other

purposes related to this action.

IT IS SO ODERED at Salt Lake City, Utah on this 29th Day of Sept. 2016.

U.S. District Court Judge Bruce S. Jenkins